UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

FILED
2010 NOV -9  A 9: 56

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA. SAN JOSE

IN RE: APPLE IPHONE 4 PRODUCTS
LIABILITY LITIGATION

MDL No. 2188

10- 2188  RMW
PVT

TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in three Northern District of California actions have each moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of actions listed on Schedule A in the Northern District of California. The plaintiffs' motions together encompass ten actions in the Northern District of California and one action each in the District of Maryland, District of Massachusetts, Middle District of Tennessee and Southern District of Texas.[1]

Plaintiffs in two other Northern District of California actions support the motion. Plaintiff in the action filed in the Southern District of Florida initially proposed centralization in the Southern District of Florida, but now also supports centralization in the Northern District of California.

Common defendant Apple Inc. (Apple) supports the motion for centralization in the Northern District of California. AT&T Mobility LLC (AT&T Mobility), which is named as a defendant in several actions, supports centralization but proposes the District of Maryland or the District of Massachusetts as appropriate choices for transferee forum, while acknowledging that the Northern District of California also would be an appropriate transferee forum.

On the basis of the papers filed and hearing session held, we find that these fourteen actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions involve common factual questions arising from the performance of the iPhone 4, manufactured by Apple, on the AT&T Mobility network. Specifically, the actions

---

[*] Judge Heyburn took no part in the decision of this matter.

[1] The motions initially encompassed an action filed in the Southern District of Florida; however, that action has since been transferred, pursuant to 28 U.S.C. § 1404, to the Northern District of California. Also, the parties have notified the Panel of two related actions pending in the Northern District of California and another related action pending in the Central District of California. These actions will be treated as potential tag-along actions in accordance with Panel Rules 7.1 and 7.2.

- 2 -

share allegations that Apple's iPhone 4 experiences signal degradation during normal use, which causes connectivity problems and results in dropped calls and data unavailability. Plaintiffs also allege that Apple and AT&T Mobility made misrepresentations regarding the performance of the iPhone 4. Plaintiffs in all actions bring similar claims against Apple, and in most instances AT&T Mobility, on behalf of overlapping classes of iPhone 4 purchasers. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

The Northern District of California stands out as an appropriate transferee forum. The headquarters, witnesses and documents of the common defendant, Apple, are located within the Northern District of California, and over two-thirds of the pending actions are already in this district before a single judge. All moving and responding plaintiffs now support centralization in the district, and both defendants support centralization in the Northern District of California, either primarily or in the alternative, as well. Centralization in this district also permits the Panel to assign the litigation to an experienced transferee judge who is already presiding over twelve actions in the Northern District of California.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Ronald M. Whyte for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
Robert L. Miller, Jr.
Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman* | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | Barbara S. Jones |

IN RE: APPLE INC. IPHONE 4 MARKETING,
SALES PRACTICES, AND PRODUCTS LIABILITY
LITIGATION                                                          MDL No. 2188

## SCHEDULE A

### Northern District of California

Michael James Goodlick, et al. v. Apple, Inc., et al., C.A. No. 5:10-2862
Alan Benvenisty v. Apple, Inc., C.A. No. 5:10-2885
Christopher Dydyk v. Apple, Inc., C.A. No. 5:10-2897
Jeffrey Rodgers v. Apple, Inc., C.A. No. 5:10-2916
David Popik v. Apple, Inc., et al., C.A. No. 5:10-2928
Steve Tietze v. Apple Inc., C.A. No. 5:10-2929
Charles Pasano v. Apple, Inc., et al., C.A. No. 5:10-3010
A. Todd Mayo v. Apple, Inc., et al., C.A. No. 5:10-3017
Greg Aguilera, II v. Apple, Inc., et al., C.A. No. 5:10-3056
Stacy Milrot v. Apple Inc., et al., C.A. No. 5:10-4117

### District of Massachusetts

Dr. Thomas Gionis v. Apple, Inc., et al., C.A. No. 1:10-11110

### District of Maryland

Kevin McCaffrey, et al. v. Apple, Inc., et al., C.A. No. 1:10-1776

### Middle District of Tennessee

David C. Purdue v. Apple, Inc., et al., C.A. No. 3:10-687

### Southern District of Texas

Hung Michael Nguyen v. Apple, Inc., C.A. No. 3:10-252